# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# WESTERN DIVISION

GREGORY STESHENKO                                                    PLAINTIFF

v.                              No. 4:12-mc-22-DPM

THOMAS MCCAY *et al.*                                              DEFENDANTS

## ORDER

Steshenko moves to quash a subpoena duces tecum issued to the University of Arkansas for Medical Sciences. The motion is denied without prejudice.

The subpoena, which the Court had to locate in the docket of the underlying California litigation (see attached), commanded production of the disputed records by 6 April 2012. Steshenko moved to quash on 16 July 2012, more than three months later. *Document No. 2.* A motion to quash must be timely. FED. R. CIV. P. 45(c)(3)(A). What is timely within the Rule's meaning will, of course, vary with the circumstances. And here, the Court notes, there was a previous round of litigation in California about this subpoena. But given the passage of several months after the production date, the Court is concerned that the matter has become moot for any number of reasons. Without some showing that UAMS has not produced the records already and

that a live controversy remains, the Court will not take the chance of issuing an advisory opinion on a moot dispute.

The Court directs the Clerk to mail a copy of this Order to Carolyn L. Katzorke, 1661 Garden Highway, Suite 100, Sacramento, California 95833, who issued the challenged subpoena. The Court directs Steshenko to serve Katzorke with any future filing and give proof of service in the filing. The Court further directs the Clerk to close this matter on 28 September 2012 unless some party makes some filing before then.

Motion, *Document No. 2*, denied without prejudice.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

 10 September 2012

AO88 (Rev. 12/06) Subpoena in a Civil Case                                                                    C43327-L

# Issued by the
# UNITED STATES DISTRICT COURT

__EASTERN__ DISTRICT OF _____

**SUBPOENA IN A CIVIL CASE**

GREGORY STESHENKO V. WATSONVILLE COMMUNITY HOSPITAL

Case Number:[1] **C0905543RS**
**NORTHERN DISTRICT OF CALIFORNIA**

TO: **UNIVERSITY OF ARKANSAS FOR MEDICAL SCIENCES**
    **4301 WEST MARKHAM STREET, LITTLE ROCK, AR 72205**

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
SEE ATTACHMENT 3

**RECORDS OF : STESHENKO, GREGORY**                        DOB : 10/25/1961        SSN :

**AKA : GREGORY NICHOLAS STESHENKO**

| PLACE  4301 WEST MARKHAM STREET<br>LITTLE ROCK, AR 72205 | DATE AND TIME<br>April, 06 2012<br>09:00 AM |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [S] CAROLYN L. KATZORKE       ATTORNEY FOR: WATSONVILLE COMMUNITY HOSPITAL | 03/15/12 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
**CAROLYN L. KATZORKE**
**1661 GARDEN HIGHWAY, SACRAMENTO, CA 95833**
**(916) 929-9600**

(See Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

Case 4:12-mc-00022-DPM Document 8 Filed 09/10/12 Page 4 of 8
Case 5:09-cv-05543-RS Document 233-4 Filed 03/23/12 Page 3 of 7
AO88 (Rev. 12/06) Subpoena in a Civil Case

## PROOF OF SERVICE

| DATE | PLACE |
|---|---|
|  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
|  |  |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
|  |  |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                    DATE                                      SIGNATURE OF SERVER

                                                              _____
                                                              ADDRESS OF SERVER

---

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2006:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection, copying, testing, or sampling of designated electronically stored information, books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection, copying, testing, or sampling may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to producing any or all of the designated materials or inspection of the premises — or to producing electronically stored information in the form or forms requested. If objection is made, the party serving the subpoena shall not be entitled to inspect, copy, test, or sample the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production, inspection, copying, testing, or sampling. Such an order to compel shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection, copying, testing, or sampling commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held;

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) (A) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(B) If a subpoena does not specify the form or forms for producing electronically stored information, a person responding to a subpoena must produce the information in a form or forms in which the person ordinarily maintains it or in a form or forms that are reasonably usable.

(C) A person responding to a subpoena need not produce the same electronically stored information in more than one form.

(D) A person responding to a subpoena need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or to quash, the person from whom discovery is sought must show that the information sought is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) (A) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial-preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

(B) If information is produced in response to a subpoena that is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has and may not use or disclose the information until the claim is resolved. A receiving party may promptly present the information to the court under seal for a determination of the claim. If the receiving party disclosed the information before being notified, it must take reasonable steps to retrieve it. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT. Failure of any person without adequate excuse to obey a subpoena served upon that person may be deemed a contempt of the court from which the subpoena issued. An adequate cause for failure to obey exists when a subpoena purports to require a nonparty to attend or produce at a place not within the limits provided by clause (ii) of subparagraph (c)(3)(A).

## ATTACHMENT 3                                     C43327-L

SUBJECT: STESHENKO, GREGORY

AKA: GREGORY NICHOLAS STESHENKO

DOB: 10/25/1961                              SSN: NOT PROVIDED

ALL DOCUMENTS, RECORDS, REPORT CARDS, AND TRANSCRIPTS PERTAINING TO THE EDUCATION AND SCHOLASTIC ABILITY OF THE STUDENT, INCLUDING ALL OFFICE, DISCIPLINARY, AND SCHOLASTIC RECORDS, ABSENCE RECORDS, MEDICAL/NURSES NOTES AND RECORDS, INCIDENT REPORTS, TEACHER COMMENTS REGARDING THE STUDENT INCLUDING BUT NOT LIMITED TO, CD ROM, TAPE DRIVE, FLOPPY DRIVE, HARD DRIVE, SCANNED DOCUMENTS AND ALL OTHER DOCUMENTS STORED ELECTRONICALLY OR DIGITALLY, FROM THE FIRST DATE OF ADMITTANCE, UP TO AND INCLUDING THE PRESENT.

ANY AND ALL ACADEMIC RECORDS, INCLUDING ANY APPLICATIONS FOR ADMISSION.

REFERENCE : C43327-L

1  CAROLYN L. KATZORKE            State Bar No.237989
   DUMMIT, BUCHHOLZ & TRAPP
2  1661 GARDEN HIGHWAY
   SACRAMENTO, CA 95833
3  TELEPHONE: (916) 929-9600

4
   ATTORNEY(S) FOR DEFENDANT
5  WATSONVILLE COMMUNITY HOSPITAL

 

                          UNITED STATES FEDERAL COURT
                            NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| GREGORY STESHENKO | ) | CASE NO. C0905543RS |
| | ) | |
|           PLAINTIFF (S) | ) | NOTICE OF TAKING DEPOSITION |
| VS. | ) | NO APPEARANCE NECESSARY |
| | ) | RECORDS ONLY |
| WATSONVILLE COMMUNITY HOSPITAL | ) | |
| | ) | DATE: APRIL 06, 2012 |
|           DEFENDANT (S) | ) | TIME: 09:00 AM |

TO ALL APPEARING PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE A NOTE THAT AT THE HOUR OF 09:00 AM ON THE

06 TH DAY OF APRIL, 2012, AT THE OFFICES OF

COMPEX LEGAL SERVICES, INC., 325 MAPLE AVE, TORRANCE, CA 90503

THE DEFENDANT(S) WILL TAKE THE DEPOSITION OF THE CUSTODIAN(S) OF

RECORD OF THE FOLLOWING BUSSINESS(ES) :

UNIVERSITY OF ARKANSAS FOR MEDICAL SCIENCES
4301 WEST MARKHAM STREET, LITTLE ROCK, AR 72205

REFERENCE: C43327-L

1. BEFORE ANY NOTARY PUBLIC AUTHORIZED TO ADMINISTER OATHS IN THE STATE OF CALIFORNIA.
2. DATED: MARCH 15, 2012

DUMMIT, BUCHHOLZ & TRAPP

BY: /S/ Carolyn L. Katzorke

CAROLYN L. KATZORKE

ATTORNEY(S) FOR DEFENDANT

REFERENCE: C43327-L

REQUEST: C43327

## PROOF OF SERVICE OF SUBPOENA (FEDERAL)

I am employed in SACRAMENTO County, California. I am over the age of 18 and not a party to the within action; my business address is: 1824 TRIBUTE ROAD, SUITE J
SACRAMENTO, CA 95815
On 03/16/12, I gave notice to: SEE SERVICE LIST BELOW

On the above date, I served true copies of the following documents;
Notice of Taking Deposition
Subpoena Duces Tecum

To each party appearing in this action, at the address below, by placing true copies thereof enclosed in a sealed envelope with postage fully pre-paid, in the United States mail at 1824 TRIBUTE ROAD, SUITE J
SACRAMENTO, CA 95815
I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on 03/16/12.

SIGNED: *Heather Landi*

Heather Landi

GREGORY N. STESHENKO (IN PRO PER)
GREGORY NICHOLAS STESHENKO
3030 MARLO COURT
APTOS, CA 95003

LYNCH & SHUPE, LLP
JOHN SHUPE
700 AIRPORT BOULEVARD, SUITE 410
BURLINGAME, CA 94010

**PROOF OF SERVICE BY MAIL**